| | |
|---|---|
| District Court, Larimer, Colorado<br>201 LaPorte Avenue, Ste. 100<br>Fort Collins, CO 80521<br>Phone: (970) 494-3800 | DATE FILED: August 6, 2021 10:04 AM<br>FILING ID: F5BF0D4084798<br>CASE NUMBER: 2021CV30559 |
| **JULIA VALDES,**<br>Plaintiff<br><br>v.<br><br>**TARGET CORPORATION,**<br>**Defendant.** | ↑   Court Use Only   ↑ |
| Jolene C. Blair #15934<br>Troy A. Ukasick, #22853<br>VanMeveren Law Group, P.C.<br>2038 Caribou Drive, Suite 101<br>Fort Collins, CO 80525<br>Telephone (970) 495-9741<br>Fax (970) 495-6854<br>jblair@vanmeverenlaw.com<br>troy@vanmeverenlaw.com | Case No.<br><br>Division: |
| **COMPLAINT** ||

COMES NOW, the Plaintiff, Julia Valdes, by and through undersigned counsel, VanMeveren Law Group, P.C., Jolene C. Blair and Troy A. Ukasick appearing, for her Complaint against the above-named defendant, Target Corporation, states and alleges as follows:

### I.   PARTIES

1. At all times relevant and hereinafter mentioned, Plaintiff, Julia Valdes (**VALDES**), was and is a resident of Weld County, Colorado with a permanent address of 600 Gore Range Drive, Severance, CO 80550.

2. On information and belief, at all times material hereto, Defendant Target Corporation (**TARGET**) was and is a foreign corporation authorized to conduct business in Colorado, with a principal office address of 1000 Nicollet Mall, Minneapolis, Minnesota 55403. TARGET's registered agent is The Corporation Company with an address of 7700 E. Arapahoe Rd., Ste. 220, Centennial, Colorado 80112.

### II.   JURISDICTION AND VENUE

1

**EXHIBIT A**

3. Jurisdiction is appropriate in this Court pursuant to C.R.S. § 13-1-124.

4. This suit stems from an incident occurring on December 7, 2019 at Defendant's location at 2936 Council Tree Avenue, Fort Collins, Colorado. This Court has jurisdiction over the parties and subject matter, and venue is proper in Larimer County pursuant to Rule 98(c)(5) of the Colorado Rules of Civil Procedure.

### III.    GENERAL ALLEGATIONS

5. On December 7, 2019, **VALDES** was at **TARGET** to do some Christmas shopping with her husband and son.

6. On December 7, 2019, **VALDES** was a business invitee of **TARGET**.

7. The family is preparing to check out at the front registers when they realize that they need an additional gift item and proceed to walk back to the electronics department of the store.

8. As Mrs. Valdes nears the electronics department, she feels her feet sliding backwards. She loses her balance and falls hard to the floor. As her feet slide out from under her, she tries to protect her head, drops to her hands and knees and then her body falls flat on her left side, face down.

9. Jose Valdes rushes over to his wife and asks if she is okay. She responds, "I think so." He sees a small "L" shaped wrench on the floor next to her. He picks up the wrench and walks over to the register where there is a Target employee. He shows the young woman the wrench, saying, "This was on the floor – this is what my wife fell on."

10. As a result of the fall, **VALDES** sustains severe, debilitating injuries and damages.

### IV.    FIRST CLAIM FOR RELIEF
(Premises Liability against **TARGET**)

11. **VALDES** incorporates by reference paragraphs 1 through 10 of her Complaint and Jury Demand as if fully set forth herein.

12. At all times pertinent hereto, the provisions of C.R.S. §13-21-115 were in effect.

13. On or about December 7, 2019, **VALDES** entered **TARGET'S** premises during normal business hours.

14. At all times pertinent hereto, **TARGET** owned, legally occupied and/or controlled the premises at 2936 Council Tree Avenue in Fort Collins, Colorado.

15. The Plaintiff was an "invitee" as that term is contemplated by C.R.S. §13-21-115.

**EXHIBIT A**

16. The Defendant was a "landowner" as that term is contemplated by C.R.S. §13-21-115.

17. At all times pertinent hereto, **TARGET** and its employees were legally responsible for the condition of and circumstances existing at the subject hospital located at 2936 Council Tree Avenue in Fort Collins, Colorado.

18. At all times pertinent hereto, **TARGET** generally had a duty to use reasonable care with respect to any danger on the property about which it knew or should have known, should have acted as a reasonable property owner given the probability or foreseeability of injury to others without exposing an unreasonable risk of harm or injury to invitees, guests, and others, and is responsible for any injury occurring on the property.

19. At all times pertinent hereto, **TARGET** and its employees were responsible for inspecting and maintaining the subject property, including reasonable periodic property inspections, performance of preventative maintenance, recognizing and implementing reasonable repairs and safeguards and providing a reasonably safe property without exposing an unreasonable risk of harm or injury to tenants, guests and others.

20. At all times pertinent hereto, **TARGET** and its employees failed to take appropriate action to maintain the floors of its premises in a reasonably safe condition and failed to identify and rectify the dangerous property condition which existed on December 7, 2019.

21. At all times pertinent hereto, **TARGET** and its employees knew or should have known of the unsafe and dangerous condition of the floor, specifically the presence of the hex wrench on the floor of an area its invitees are expected to walk.

22. At all times pertinent hereto, **TARGET** and its employees had a duty to use reasonable care concerning any danger in any area they exercise control over, including floors of it aisles and other common areas where its customers are expected to walk, and are legally responsible for the condition of and circumstances existing at the subject property, including those described herein about which they knew or should have known.

23. At all times pertinent hereto, **TARGET** and its employees unreasonably failed to use reasonable care with respect to the danger presented by the existence of the hex wrench on the floor, thereby exposing **VALDES** to an unreasonable risk of physical injury or harm

24. At all times pertinent hereto, **TARGET** and its employees failed to warn its customers, guests and others of the unreasonable risk of harm or injury created by the presence of the hex wrench on the floor.

25. **TARGET** and its employees' failure to inspect and recognize the dangerous condition and negligent maintenance of the floors was an unreasonable failure to exercise reasonable care to protect against a danger of which they knew or should have known as contemplated by C.R.S. §13-21-115.

**EXHIBIT A**

26. **VALDES'** damages suffered as a direct and proximate result of **TARGET** and its employees' failure to exercise reasonable care to properly inspect, maintain and manage the hallway as contemplated by C.R.S. §13-21-115, include but are not limited to:

    a. Severe physical injuries;
    b. Past and future medical expenses;
    c. Past and future pain and suffering, mental anguish and emotional distress;
    d. Past and future loss of the normal pursuits and pleasures in life;
    e. Permanent physical impairment, disability, injury and disfigurement; and
    f. Other compensatory damages.

## V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for the special and general damages she sustained, including, but not limited to, past and future health care expenses, past and future lost earnings, permanent impairment, past and future pain and suffering, disfigurement, emotional distress, loss of enjoyment of life, pre- and post-judgment interest, expert witness fees, costs, consequential damages, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by a jury of six persons of all issues so triable and submits the required jury fees with the Complaint and Jury Demand.**

Dated this _6th___ day of August, 2021.

        **VANMEVEREN LAW GROUP, P.C.**

        /s/ *Jolene C. Blair*_____
        Jolene C. Blair - #15934
        123 N. College Ave., Ste. 112
        Fort Collins, CO 80524
        Telephone: (970) 495-9741
        Facsimile: (970) 495-6854

**Plaintiff's Address:**
600 Gore Range Drive
Severance, CO  80550

**EXHIBIT A**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August _6__, 2021, the foregoing Complaint was filed with the Court via ICCES and served on the following according to the Colorado Rules of Civil Procedure.

Target Corporation
The Corporation Company
7700 E. Arapahoe Rd., Ste. 220
Centennial, Colorado 80112

                *s/Paulette Hernandez*
                Paulette Hernandez, Legal Assistant
                VanMeveren Law Group, P.C.

**EXHIBIT A**